ADAMS, J.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS.    1:21CR705 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY SAMPSON, | ) | Judge John R. Adams |
| | ) | |
| Defendant. | ) | ORDER |
| | ) | |

Pending before the Court is Defendant Jeffrey Sampson's motion for compassionate release and its two supplements.  Doc. 28.  The Government has filed a response in which it indicates that given the highly unusual medical issues surrounding Sampson, it does not opposed release.   Upon review, the motion is GRANTED/

Within the COVID-19 backdrop, the Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> "In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions." *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating "extraordinary and compelling reasons" as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x 1007, 1008 (6th Cir. 2021).   "A district court has 'full discretion' in determining whether an extraordinary and compelling reason justifies compassionate release."   *Id*. at 1009.

Sampson describes his medical condition as follows: "Mr. Sampson's Spina Bifida, semi lobar holoprosencephaly, Chiari Malformation II, Hydrocephalus, sleep apnea, reliance on a stoma and the fact that he requires a sterile environment to insert catheters every 4- 6 hours are but a few of the medical conditions which seriously affect Mr. Sampson's ability to provide self-care within the Federal Bureau of Prisons."   Doc. 189 at 1-2.   Sampson is also paralyzed from the bellybutton down and as a result the Government acknowledges that Sampson is suffering from a serious physical or medical condition, one that has jeopardized his life and required extensive medical care for his entire life[.]"   Doc. 31 at 9-10.   The Government is also correct that it appears that the Bureau of Prisons has done its best to provide care for Sampson.

The Court finds that Sampson's medical condition coupled with his prison environment, including sharing a cell with multiple others, satisfy the extraordinary and compelling standard that permits the Court to grant compassionate relief.   Given those circumstances, coupled with the fact that Sampson has served well over half his six-month sentence, the Court will exercise its discretion and grant compassionate release.

Sampson's custodial time is hereby reduced to time served.   Sampson's ten years of supervised release shall commence immediately upon his release, and Sampson shall spend the first sixty days of his release under home confinement.   Consistent with his proposal, Sampson will reside with his parents during the term of his supervised release and home confinement.   Any change in his living arrangements will require pre-approval by his probation officer.

The motion for compassionate release is GRANTED as detailed herein.   The Court REDUCES Defendant's sentence of imprisonment to time served, and Defendant is ORDERED

to serve a term of supervised release of ten years, as previously imposed, with the added special condition that he will serve sixty days in home detention, and with all the conditions imposed at the time of his original sentence.

There being a verified residence and an appropriate release plan in place, this Order is STAYED for up to seven days to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than seven days are needed to make appropriate travel arrangements and ensure Defendant's safe release, then the parties shall immediately notify the Court and show cause why the stay should be extended.

IT IS SO ORDERED.

February 6, 2023
Date

/s/John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE